UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| VITO A. SALERNO, | ECF CASE |
| Plaintiff, | |
| v. | No.: _____ |
| | COMPLAINT |
| BAY AVENUE RESTAURANT COMPANY LLC d/b/a Grimaldi's, GRIMALDI'S OF CLIFTON LLC d/b/a Grimaldi's, FRANK CIOLLI, ROBERT T. LARSEN, and ABC CORPORATIONS #1-3 and JOHN DOES # 1-3, Jointly and Severally, | JURY TRIAL DEMANDED |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NATURE OF THE ACTION

1.     Plaintiff Vito A. Salerno ("Salerno") alleges under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is entitled to from Defendants (i) unpaid minimum wages, (ii) unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, and (iii) liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff Salerno further complains that he is entitled to (i) back wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by the New Jersey State Wage and Hour Law ("NJWHL") N.J. Stat. Ann. § 34:11-56a *et seq.*, (ii) unpaid regular wages, (iii) unpaid minimum wages, (iv) reimbursement of business expenses, and (v) liquidated damages under the NJWHL.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Salerno's state law

claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Salerno's FLSA claims under 29 U.S.C. § 216(b).

4.      Venue is proper in this district under 28 U.S.C. §1391(b).

THE PARTIES

5.      Plaintiff Salerno was, at all relevant times, an adult individual, residing in Highlands, New Jersey, County of Monmouth.

6.      Upon information and belief, Bay Avenue Restaurant Company LLC ("Bay Avenue Grimaldi's") is a domestic corporation, organized and existing under the laws of the State of New Jersey, which is licensed to do business in the State of New Jersey with a principal place of business at 123 Bay Avenue, Highlands, New Jersey 07732. Bay Avenue Restaurant Company LLC is wholly owned by Defendant Larsen.

7.      Upon information and belief, Grimaldi's of Clifton LLC ("Grimaldi's of Clifton") is a domestic corporation, organized and existing under the laws of the State of New Jersey, which is licensed to do business in the State of New Jersey with a principal place of business at 1296 Van Houten Avenue, Clifton, New Jersey 07013. Grimaldi's of Clifton LLC is wholly owned by Defendants Ciolli and Larsen.

8.      Upon information and belief, Defendant Bay Avenue Grimaldi's is an enterprise engaged in commerce or in the production of goods for commerce. Defendant Bay Avenue Grimaldi's is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have

been produced for and moved in commerce, which its employees have handled, include, but are not limited to, paperware, silverware, produce, and pizza ovens.

9.      Upon information and belief, Defendant Grimaldi's of Clifton is an enterprise engaged in commerce or in the production of goods for commerce.  Defendant Grimaldi's of Clifton is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.  These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, paperware, silverware, produce, and pizza ovens.

10.      Upon information and belief, ABC Corporations # 1-3 represent the other corporate Defendants, whose identities are presently unknown, that owned, operated and/or controlled the day-to-day operations and management, and that jointly employed Plaintiff at all relevant times and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as N.J.S.A. § 34:11-56a1 and are jointly and severally liable with the named Defendants.

11.      Defendant Frank Ciolli ("Ciolli") owns, operates and/or controls the day-to-day operations and management of Defendant Grimaldi's of Clifton and Defendant Bay Avenue Grimaldi's (collectively "Grimaldi's") and jointly employed Plaintiff Salerno at all relevant times.

12.      Upon information and belief, Defendant Ciolli was an adult individual residing in Malba, New York, Nassau County.

13.    Defendant Robert Larsen ("Larsen") owns, operates and/or controls the day-to-day operations and management of Defendant Grimaldi's of Clifton and Defendant Bay Avenue Grimaldi's (collectively "Grimaldi's") and jointly employed Plaintiff Salerno at all relevant times.

14.    Upon information and belief, Defendant Larsen was an adult individual residing in Highlands, New Jersey, Monmouth County.

15.    Upon information and belief, John Does # 1-3 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as N.J.S.A. § 34:11-56a1 and are jointly and severally liable with the named Defendants.

16.    Each Defendant, either directly or indirectly, has hired and fired Plaintiff Salerno, controlled Plaintiff Salerno's work schedules and conditions of employment, determined the rate and method of his payment, and kept at least some records regarding his employment.

17.    Defendants jointly employed Plaintiff Salerno at all relevant times and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as N.J.S.A. § 34:11-56a1 and the regulations thereunder and are jointly and severally liable.

## STATEMENT OF FACTS

18.     At all relevant times, Defendants own and operate pizzerias that are located at 123 Bay Avenue, Highlands, New Jersey and 1296 Van Houten Avenue, Clifton, New Jersey.

19.     Plaintiff Salerno commenced employment with Defendants as an employee on or about May 2010.

20.     As an employee in May 2010, Plaintiff Salerno worked to help Bay Avenue Grimaldi's be open and ready for business, which included, but is not limited to, ordering and purchasing inventory and supplies, interviewing and hiring employees, and arranging for several contractors to perform and complete necessary work to ready the premises for business.

21.     Following the opening of Bay Avenue Grimaldi's in October 2010, Plaintiff Salerno continued to perform his duties, including keeping books and records, opening and closing the restaurant, ordering food and supplies and supervising the employees.

22.     From May 2010 to Bay Avenue Grimaldi's October 2010 opening, Plaintiff Salerno worked between fifty (50) and sixty (60) hours per week.

23.     Between May 2010 and the October 2010 opening, Defendants did not compensate Plaintiff Salerno at all for his hours worked.

24.     After Bay Avenue Grimaldi's October 2010 opening, Plaintiff Salerno worked between seventy (70) and eighty (80) hours per week.

25.     Between October 2010 and November 2011, Defendants did not compensate Plaintiff Salerno at all for his hours worked.

26.     Between November 2011 and January 2012, Plaintiff Salerno worked to prepare Grimaldi's of Clifton to be open and ready for business:   overseeing the contractors, renovating the location and installing a pizza oven.

27.     Grimaldi's of Clifton opened for business in or about January 2012, initially as a steak restaurant but then as a pizzeria.

28.     Following the opening of Grimaldi's of Clifton in or about January 2012, Plaintiff Salerno continued to perform his managerial duties, including keeping books and records, opening and closing the restaurant, ordering food and supplies and supervising the employees.

29.     Following Grimaldi's of Clifton's January 2012 opening, Plaintiff Salerno worked an average of eighty (80) hours per week.

30.     From November 2011 to date, Defendants have not compensated Plaintiff Salerno for his services.

31.     Defendants Ciolli and Larsen jointly made decisions regarding Plaintiff's compensation.

32.     In or about March 2012, Defendant Larsen and Ciolli discussed that they would pay Plaintiff Salerno, as a general manager, a weekly rate between $1,500.00 to $2,000.00 per week.

33.     In or around March 2012, Defendant Ciolli informed Plaintiff Salerno that he would receive as a general manager a weekly salary rate between $1,500.00 to $2,000.00 per week and would receive back pay in that amount for all prior weeks.

34.     To date, Defendants have not paid Plaintiff Salerno any weekly salary or hourly rate.

35.     $20.00 per hour is a reasonable hourly rate to compensate Plaintiff Salerno for his services.

36.     Defendants did not pay Plaintiff Salerno the statutory minimum wage for his hours worked.

37.     Defendants did not pay Plaintiff Salerno one and one-half (1.5) times his regular hourly rate for each hour he worked in excess of forty (40) in a week.

38.     Defendants did not pay Plaintiff Salerno a salary for his hours worked.

39.     Plaintiff Salerno discussed with Defendant Ciolli the duties he was performing at the restaurant.

40.     Defendants were aware of Plaintiff Salerno performing these duties, permitted him to perform these duties and knowingly did not compensate him for any of these duties.

41.     Plaintiff Salerno has complained to Defendant Ciolli about not being compensated for his hours worked.

42.     Plaintiff Salerno has spent in excess of $35,000 of his own money on business-related expenses in the course of his employment with Defendants, most of which was for purchasing food and restaurant supplies.

43.     Plaintiff Salerno has discussed these out-of-pocket business-related expenses with Defendant Ciolli.

44.     To date, Defendants have not reimbursed Plaintiff Salerno for his business-related expenses.

45.     Defendants have knowingly refused to reimburse Plaintiff Salerno for his business-related expenses.

46.     Defendant Ciolli has long maintained that Plaintiff Salerno is an employee of his.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

47.     Plaintiff Salerno repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

48.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff Salerno within the meaning of the FLSA.

50.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

51.     Pursuant to 29 C.F.R. §§ 541.600(a), Defendants cannot claim Plaintiff Salerno is exempt for overtime purposes under the FLSA as he was not paid any salary.

52.     Defendants were required to pay Plaintiff Salerno no less than one and one-half (1.5) times the regular rate at which he was employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff Salerno for the hours he worked in excess of forty (40) hours per workweek.

54.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff Salerno overtime wages.

55.     As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff Salerno, Defendants have failed to make, keep and preserve records with respect to Plaintiff Salerno sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

57.     As a result of Defendants' violations of the FLSA, Plaintiff Salerno has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

58.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff Salerno.

SECOND CAUSE OF ACTION

FAIR LABOR STANDARDS ACT - FAILURE TO PAY THE MINIMUM WAGE

59.     Plaintiff Salerno repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

60.     Defendants knowingly failed to pay Plaintiff Salerno the minimum wage to which he was entitled under the FLSA, 29 U.S.C. § 206(a).

61.     Defendants were required to pay Plaintiff Salerno the minimum wage for all hours worked.

62.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff Salerno.

63.     As a result of Defendants' violations of the FLSA, Plaintiff Salerno has suffered damages by being denied the minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

<u>THIRD CAUSE OF ACTION</u>

NEW JERSEY STATE WAGE AND HOUR LAW – UNPAID OVERTIME

64.     Plaintiff Salerno repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

65.     Defendants are employers within the meaning of N.J.S.A. § 34:11-56a1 and employed Plaintiff Salerno.

66.     Pursuant to N.J.S.A. § 34:11-56a4, Defendants cannot claim Plaintiff Salerno is exempt for overtime purposes under the NJWHL as he was not paid any salary.

67.     Under the NJWHL and supporting regulations, Defendants were required to pay Plaintiff Salerno one and one-half (1 ½) times his regular rate of pay for all hours he worked in excess of forty (40).

68.     Defendants failed to pay Plaintiff Salerno the overtime wages to which he is entitled under the NJWHL.

69.     Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff Salerno his wages.

70.     Due to Defendants' violations of the NJWHL, Plaintiff Salerno is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

FOURTH CAUSE OF ACTION

NEW JERSEY STATE WAGE AND HOUR LAW – FAILURE TO PAY MINIMUM WAGE

71.     Plaintiff Salerno repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

72.     Defendants knowingly failed to pay Plaintiff Salerno the minimum wage to which he was entitled under N.J.S.A. § 34:11-56a4.

73.     Defendants were required to pay Plaintiff Salerno the minimum wage for all hours worked.

74.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiff Salerno.

75.     Due to Defendants' violations of the NJWHL, Plaintiff Salerno is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## FIFTH CAUSE OF ACTION

### NEW JERSEY STATE WAGE AND HOUR LAW – FAILURE TO REIMBURSE EMPLOYMENT-RELATED EXPENSES

76.     Plaintiff Salerno repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

77.     Defendants failed to pay Plaintiff Salerno the full amount of his wages as a result of failing to reimburse him for his work-related expenses, constituting *de facto* deductions of his wages, violating N.J.S.A. § 34:11-4.4(a).

78.     Defendants have willfully failed to reimburse Plaintiff Salerno for work-related expenses he incurred during the course of employment for Defendants, reducing his hourly rate below the statutory minimum.

79.     Due to Defendants' violations of the NJWHL, Plaintiff Salerno is entitled to recover from Defendants reimbursement for his employment-related expenses, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Salerno respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL;

b.     An award of unpaid overtime compensation under the FLSA and NJWHL;

c.      An award of unpaid minimum wage under the FLSA and NJWHL;

d.      An award of reimbursement for employment-related expenses under the NJWHL;

e.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and the minimum wage under the FLSA;

f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and the minimum wage and failure to reimburse the employment-related expenses under the NJWHL;

g.      An award of prejudgment and post-judgment interest;

h.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Salerno demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
          November 21, 2013

BRONSON LIPSKY LLP

Douglas Lipsky (DL-9372)
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Phone:  212.392.4772
Fax:  212.444.1030
dl@bronsonlipsky.com

*Attorneys for Plaintiff Salerno*